UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL A. GRIFFIN,
        Petitioner,

v.                                                                       Case No. 21-C-540

RANDALL HEPP,
        Respondent.

## ORDER

Daniel A. Griffin seeks a writ of habeas corpus under 28 U.S.C. § 2254. I screened Griffin's petition and ordered Randall Hepp to "either answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, or file a dispositive motion" ECF No. 10 at 1. Hepp opted for a motion to dismiss. ECF No. 14. For the reasons stated below, I will grant that motion in part.

**I.    BACKGROUND**

A jury convicted Daniel A. Griffin of one count of first-degree reckless homicide and two counts of child abuse with the intent to cause great bodily harm in the death of MHP and the injuries of MDP, twin fourteen-month-old brothers. ECF No. 1 at 2; *State v. Griffin*, 933 N.W.2d 681, 684 (Wis. Ct. App. 2019). Before trial, the Fond Du Lac County Circuit Court made two evidentiary rulings relevant to the instant petition. Griffin sought to introduce evidence that the twins' mother or another adult roommate caused the death of MHP and injuries to MDP. *Griffin*, 933 N.W.2d at 684. The circuit court ruled that the so-called third-party perpetrator evidence was inadmissible under *State v. Denny*, 357 N.W.2d 12 (Wis. Ct. App. 1984). *Id.* The State then sought to introduce three cell phone videos showing Griffin interacting with the twins in an abusive manner. *Id.* Over Griffin's

objection, the circuit court ruled that the videos were admissible as other-acts evidence under Wis. Stat. § 904.04(2). *Id.* at 684–85.

Griffin raised two issues on appeal. First, "[w]as Griffin entitled to present evidence to the jury that the crimes were actually committed by [the twins' mother] pursuant to *State v. Denny*[?]" ECF No. 15-1 at 5. Second, "[s]hould videos depicting Griffin shouting at the victims to startle them from sleep have been suppressed as inadmissible other acts evidence?" *Id.* The Wisconsin Court of Appeals affirmed the circuit court's rulings and Griffin's conviction on August 21, 2019. *Griffin*, 933 N.W.2d at 684. The Wisconsin Supreme Court then denied Griffin's petition for review on May 19, 2020. ECF No. 15-3.

Griffin filed his habeas petition in this court on April 18, 2021. *See* ECF No. 1 at 13. He raises five claims for relief: (1) a confrontation clause claim, (2) an ineffective assistance of trial counsel claim, (3) a claim challenging the admission of the cell phone videos as other-acts evidence, (4) a claim challenging the racial makeup of the jury, and (5) a claim challenging the exclusion of the third-party perpetrator evidence. *Id.* at 6–8.

## II.  DISCUSSION

Hepp contends that each of Griffin's claims are procedurally defaulted. He argues that Griffin did not raise claims one, two, and four on direct appeal and that Griffin did not fairly present claims three and five as constitutional claims in the court of appeals.

Before seeking relief in federal court, a Section 2254 habeas petitioner must "fairly present [each] claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotations omitted). To satisfy this requirement, the petitioner must place "both the operative facts and the controlling

legal principles" in his briefs before the state courts. *Sturgeon v. Chandler*, 552 F.3d 604, 610 (7th Cir. 2009) (quoting *Chambers v. McCaughtry*, 264 F.3d 732, 738 (7th Cir. 2001)). I consider four factors to determine whether the petitioner fairly presented a claim in state court:

> (1) whether the petitioner relied on federal cases that engage in constitutional analysis; (2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts; (3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; and (4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation.

*Wilson v. Briley*, 243 F.3d 325, 327 (7th Cir. 2001).

If the "petitioner has failed to fairly present to the state courts the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed," then the claim is procedurally defaulted. *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). I may grant habeas relief on a procedurally defaulted claim but only if "the petitioner can demonstrate both cause for and prejudice stemming from that default, or he can establish that the denial of relief will result in a miscarriage of justice." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004) (citations omitted).

### A. Claims One, Two, and Four

Griffin procedurally defaulted claims one, two, and four. He did not raise these claims on direct appeal, and it is clear that his opportunity to raise them in state court has passed. *See* Wis. Stat. § 974.06(4); *State v. Lo*, 665 N.W.2d 756, 766 (Wis. 2003) ("[W]e reaffirm our holding in *Escalona* that all claims of error that a criminal defendant can bring should be consolidated into one motion *or* appeal, and claims that could have been raised on direct appeal or in a previous § 974.06 motion are barred from being raised in a

3

subsequent § 974.06 postconviction motion absent a showing of a sufficient reason for why the claims were not raised on direct appeal or in a previous § 974.06 motion.").

Griffin has also failed to demonstrate "cause for and prejudice stemming from that default, or . . . that the denial of relief will result in a miscarriage of justice." *Lewis*, 390 F.3d at 1026 (citations omitted). In fact, he did not attempt to explain or excuse the default. In response to Hepp's motion to dismiss, Griffin merely submitted his court of appeals brief and appendix. ECF No. 16. The arguments in that brief do not address the question of procedural default, and I will not develop any such arguments for Griffin. *See Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999) ("If [judges] are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning."); *see also Lee v. Foster*, 750 F.3d 687, 694 (7th Cir. 2014) (citations omitted) ("We can excuse a procedural default if a petitioner is able to show both cause and prejudice or that failure to review the claim will result in a fundamental miscarriage of justice. Lee, however, does not make an argument for either and we will not make it for him here."). Therefore, I conclude that habeas relief is foreclosed on claims one, two, and four.

### B. Claim Three

Griffin also procedurally defaulted claim three. In his court of appeals brief, Griffin asserted that "the court erred in allowing the videos to be shown to the jury as 'other acts evidence' under Wis. Stat. § 904.04." ECF No. 15-1 at 23. As a result, his arguments focused exclusively on whether the circuit court correctly applied the evidentiary standards under Wis. Stat. § 904.04 and *State v. Sullivan*, 576 N.W. 2d 30 (Wis. 1998).

*See United States ex rel. Searcy v. Greer*, 768 F.2d 906, 910 (7th Cir. 1985) ("Violations of state evidentiary laws generally do not form the basis upon which federal habeas corpus relief can be granted."). Griffin did not cite any cases engaged in relevant constitutional analysis. Nor did he attempt to tie the circuit court's evidentiary ruling to the deprivation of a federal constitutional right. As with claims one, two, and four, it is clear that Griffin's opportunity to raise this claim has passed, and he does not attempt to explain or excuse his default. Therefore, I conclude that habeas relief is also foreclosed on claim three.

### C. Claim Five

As for claim five, Hepp argues that "while Griffin briefly references *Holmes* [*v. South Carolina*, 547 U.S. 319 (2006)] and a defendant's right to present a defense [in his court of appeals brief], Griffin's actual arguments are challenges to the trial court's application of state law" under *State v. Denny*, 357 N.W.2d 12 (Wis. Ct. App. 1984). ECF No. 15 at 12. However, *Denny* has a constitutional dimension. *See State v. Wilson*, N.W.2d 52, 64 (Wis. 2015). "Whether rooted directly in the Due Process Clause of the Fourteenth Amendment or in the Compulsory Process or Confrontation Clauses of the Sixth Amendment, the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" *Holmes*, 547 U.S. at 324 (quoting *Crane v. Kentucky*, 476 U.S. 683, 690 (1986)). At the same time, "state and federal rulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials." *Id.* (quoting *United States v. Scheffer*, 523 U.S. 303, 308 (1998)) (cleaned up). Indeed, "well-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice,

5

Case 2:21-cv-00540-LA   Filed 04/06/22   Page 5 of 8   Document 20

confusion of the issues, or potential to mislead the jury." *Id.* at 326. "It is this tension between the defendant's rights and the relevancy requirement that the court of appeals addressed in *Denny*." Wilson, 864 N.W.2d at 63. In other words, to ensure that Wisconsin state courts do not exclude reliable third-party perpetrator evidence and thus violate a criminal defendant's constitutional right to present a defense, the court of appeals laid down the *Denny* legitimate tendency test. *See State v. Denny*, 357 N.W.2d 12, 16 (Wis. Ct. App. 1984). Since then, the Wisconsin Supreme Court has made clear "that the *Denny* test is the correct and constitutionally proper test for circuit courts to apply when determining the admissibility of third-party perpetrator evidence." *Wilson*, 864 N.W.2d at 64.

Moreover, Griffin's court of appeals brief confirms that he fairly presented the *Denny* claim as a constitutional claim. In explaining the applicable standard of review, he asserted that evidentiary rulings that implicate a defendant's constitutional right to present a defense, like circuit court's below, are questions of constitutional fact reviewed de novo. ECF No 15-1 at 14 (quoting *Wilson*, 864 N.W.2d at 63). He then cited decades-old state and federal cases to support the proposition that "[t]he law is well established that a defendant has due process rights under the United States and Wisconsin Constitutions to present a theory of defense to the jury." *Id.* (quoting *Wilson*, 864 N.W.2d at 55; citing *Holmes*, 547 U.S. 319 (2006)). Recognizing the constitutional nature of the *Denny* test, Griffin then argued that the circuit court misapplied the third prong of the test. Finally, leaving no doubt that he viewed this error as a constitutional deprivation, he concluded, "By denying Griffin's request to admit *Denny* evidence implicating [the twins' mother] as the perpetrator, Griffin was denied his constitutional right to present a defense as he was

6

left with no defense whatsoever." *Id.* at 18. Therefore, I conclude that Griffin did not procedurally default claim five.

### III. GRIFFIN'S OTHER FILINGS

Before closing, I want to address several filings that Griffin has made in this case. In a cover letter for an August 16, 2021, filing, Griffin states that he was submitting "police reports of co-defendant (sic) and CI reports" as well as newly discovered evidence in the form of an affidavit of Shawn Eubanks, Sr. ECF No. 13 at 1. He asserts that "[h]ad these things been produced at my trial the outcome would clearly have shifted the minds of the jury." *Id.* Months later, Griffin filed what appears to be the same cover letter and affidavit. ECF No. 17. Most recently, Griffin filed the Eubanks affidavit, the previously mentioned reports, and other state court documents on March 1, 2022. ECF No. 19.

I have not considered these documents for purposes of Hepp's motion to dismiss because Griffin did not submit them within the briefing schedule set in the screening order. *See* ECF No. 10 at 2. Even if he had submitted them within that schedule, the documents are not accompanied by any meaningful explanation or argument. I will not sift through these documents and develop arguments on Griffin's behalf.

### IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Hepp's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART.** Griffin's confrontation clause claim, ineffective assistance of trial counsel claim, claim challenging the admission of the cell phone videos as other-acts evidence, and claim challenging the racial makeup of the jury are **DISMISSED WITH PREJUDICE** as procedurally defaulted. Griffin may proceed on his claim challenging the exclusion of the third-party perpetrator evidence.

7

**IT IS FURTHER ORDERED** that within 60 days of the date of this order the respondent shall answer the petition in compliance with Rule 5 of the Rules Governing § 2254 Cases.

**IT IS FURTHER ORDERED** that the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any. Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed 30 pages and reply briefs must not exceed 15 pages, not counting any statements of facts, exhibits, and affidavits.

Dated at Milwaukee, Wisconsin, on this 6th day of April, 2022.

s/Lynn Adelman_____
LYNN ADELMAN
United States District Judge

8

Case 2:21-cv-00540-LA   Filed 04/06/22   Page 8 of 8   Document 20